Filed 5/10/16 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B262299 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA417213) |
| v. | |
| RAFAT RAWHI ABDALLAH, | **ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT** |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed on April 19, 2016 and certified for publication be modified as follows:

1.      On page 13, at the end of the first full paragraph, add footnote 8, to read:

In a petition for rehearing the People contend our conclusion conflicts with the following language from the Supreme Court's opinion in *Park*, *supra*, 56 Cal.4th 782: "There is no dispute that, under the rule in [*People v. Feyrer* (2010) 48 Cal.4th 426 and *People v. Banks* (1959) 53 Cal.2d 370], defendant would be subject to the [section 667, subdivision (a)] enhancement [for a prior serious felony conviction] had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, *supra*, 56 Cal.4th at p. 802.)  Here, the People emphasize, the trial court reduced the earlier offense to a misdemeanor pursuant to Proposition 47 after Abdallah had committed and been convicted of the current crime.  This argument fails to

recognize that the applicability of the section 667, subdivision (a)(1), enhancement in *Park* turns on the status of the prior offense at the time of conviction; it imposes a five-year enhancement when a person "convicted of a serious felony" has previously suffered a serious felony conviction. In contrast, the enhancement in this case, section 667.5, subdivision (b), depends on the status of the prior offense at the time of sentencing; it imposes a one-year enhancement when "the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended . . . ."

There is no change in the judgment.

_____

PERLUSS, P. J.                    SEGAL, J.                    BLUMENFELD, J. (Assigned)

Filed 4/19/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B262299 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA417213) |
| v. | |
| RAFAT RAWHI ABDALLAH, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge. Judgment affirmed as modified.

Jeffrey J. Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

On June 18, 2014 a jury convicted Rafat Rawhi Abdallah of possession of methamphetamine while armed with a firearm, possession of a firearm by a felon, and possession of methamphetamine. On December 19, 2014 the trial court imposed an aggregate prison sentence of five years, which included a one-year enhancement pursuant to Penal Code section 667.5, subdivision (b).[1] Section 667.5, subdivision (b), imposes a one-year enhancement for committing an offense that leads to a felony conviction within five years of having been released from custody on another felony conviction. The court imposed this enhancement because Abdallah had been released on parole on February 18, 2005 from a conviction he had suffered in 2002, and then had been arrested less than five years later in October 2009 for a new felony, for which Abdallah was convicted in 2011.

Meanwhile, however, between Abdallah's conviction and sentencing in this case, the voters enacted Proposition 47, "The Safe Neighborhoods and Schools Act." (§ 1170.18, subd. (b); Proposition 47.) Pursuant to the new law, the trial court, before it sentenced Abdallah in this case, recalled Abdallah's 2011 felony sentence and resentenced Abdallah to a misdemeanor on that conviction. Thus, by the time the trial court sentenced Abdallah in this case, the prior offense that lead to the felony conviction within five years of Abdallah's release from custody was no longer a felony conviction. It was, under section 1170.18, subdivision (k), "a misdemeanor for all purposes."

Abdallah challenges the one-year enhancement the trial court imposed pursuant to section 667.5, subdivision (b). He argues that once the court resentenced his 2011 conviction as a misdemeanor he no longer qualified for the one-year sentence enhancement for the 2002 conviction. We agree, strike the one-year enhancement, and affirm the judgment as modified.

---

[1] Undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

In an information filed March 20, 2014 the People charged Abdallah with possession of methamphetamine while armed with a firearm (Health & Saf. Code, § 11370.1), possession of a firearm as a felon (§ 29800, subd. (a)(1)), and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). The information alleged that, prior to committing these offenses, Abdallah had been convicted of felonies in 1997, 2002, and 2011, and had served time in prison for each felony. The 2002 conviction was for driving under the influence and causing great bodily harm, and resulted in a four-year prison term, from which Abdallah was released on parole on February 18, 2005. Less than five years later, on October 28, 2009, Abdallah was arrested for felony possession of methamphetamine. He was convicted of that crime on October 19, 2011, and the court in that case imposed a four-year suspended sentence and placed Abdallah on five years formal probation. Abdallah did not serve any time in prison for that offense.

In this case the jury convicted Abdallah as charged on June 18, 2014. On November 5, 2014, prior to sentencing, Proposition 47 became effective. (*People v. Ruff* (2016) 244 Cal.App.4th 935, 938 (*Ruff*); see Cal. Const., art. 2, § 10, subd. (a) [statutes enacted by initiative or referendum take effect the day after the election unless the measure provides otherwise].) At the sentencing hearing on December 19, 2014 the trial court struck the allegation in the information that Abdallah had served time in prison for his 2011 conviction for possession of methamphetamine because he had not served any time in prison for that conviction. Abdallah then waived his right to a jury trial on the remaining prior conviction allegations and admitted them.[2]

---

[2] Abdallah's admission at trial that he had suffered a prior felony conviction does not preclude him from arguing on appeal that the court could not use his prior conviction to enhance his sentence under section 667.5, subdivision (b). (See *People v. Park* (2013) 56 Cal.4th 782, 789, fn. 3.) The People do not argue otherwise.

Before sentencing Abdallah, the trial court recalled Abdallah's sentence for his 2011 felony conviction pursuant to Proposition 47 and resentenced Abdallah to 365 days in county jail with credit for time served.[3]  The court similarly reduced count three in this case, possession of methamphetamine, to a misdemeanor, and sentenced Abdallah to one year in any penal institution on that count, concurrent with count one.

On count one for possession of methamphetamine while armed with a firearm the trial court sentenced Abdallah to the lower term of two years, doubled under the three strikes law pursuant to section 1170.12, subdivision (c), for the 1997 strike.  On count two for possession of a firearm as a felon the trial court sentenced Abdallah to the middle term of two years, doubled pursuant to section 1170.12, subdivision (c), and stayed the sentence pursuant to section 654.  The court then imposed a one-year enhancement under section 667.5, subdivision (b), for the prior prison term Abdallah served as a result of his 2002 conviction.   Neither the court nor the parties raised or addressed the requirements for imposing that enhancement, including the requirement that Abdallah commit another offense resulting in a felony conviction within five years of having been released on parole or discharged from prison for the 2002 conviction.

The court awarded Abdallah 501 days of custody credit and ordered him to pay various fines and fees.  The trial court entered judgment on December 19, 2014.  Abdallah timely appealed on February 13, 2015.

_____

[3]    The record does not disclose whether the court acted sua sponte or on a motion or petition from Abdallah, but the court referenced "significant discussion" on sentencing issues that had occurred off the record.  Whether a court can grant relief under Proposition 47 sua sponte remains an open question.  (See *Harris v. Superior Court* (2015) 242 Cal.App.4th 244, 248 review granted Feb. 24, 2016, S231489.)  The People, however, do not contend that the trial court improperly considered Abdallah's eligibility for relief under Proposition 47, and Proposition 47 does not specify any particular form of petition required to seek relief.

**DISCUSSION**

A.     *The Prior Prison Term Enhancement of Section 667.5, Subdivision (b)*

The purpose of the prior prison term enhancement of section 667.5, subdivision (b), is "'to punish individuals' who have shown that they are 'hardened criminal[s] who [are] undeterred by the fear of prison.'" (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115 (*Preston*); see *People v. Jones* (1993) 5 Cal.4th 1142, 1148.)  The sentence enhancement requires proof that the defendant "'(1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction.'" (*Preston*, *supra*, at p. 1115; see *People v. Tenner* (1993) 6 Cal.4th 559, 563.)[4]

Courts sometimes refer to the fourth requirement, which exempts from the enhancement defendants who have not reoffended for five years, as "'washing out.'" (*Preston*, *supra*, 176 Cal.App.4th at p. 1115; see *People v. Fielder* (2004) 114 Cal.App.4th 1221, 1229 (*Fielder*).)  "'The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways.'" (*Preston*, at p. 1116; see

---

[4]     In relevant part, section 667.5, subdivision (b), states:  "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:  . . . [¶] (b) Except where subdivision (a) [concerning violent felonies] applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed  . . . , in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision for any prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended."

5

*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.) "According to the 'washout' rule, if a defendant is free from both prison custody *and* the commission of a new felony for *any* five-year period following discharge from custody or release on parole, the enhancement does not apply." (*Fielder*, at p. 1229; § 667.5, subd. (b); see 3 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Punishment, § 400, p. 618.) "Both prongs of the rule, lack of prison time *and* no commission of a crime leading to a felony conviction for a five-year period, are needed for the 'washout' rule to apply." (*Fielder*, at p. 1229.)

Abdallah's 2002 conviction for driving under the influence and subsequent prison term implicated the one-year enhancement under section 667.5, subdivision (b). The parties do not dispute the facts that Abdallah was previously convicted of this felony, was imprisoned as a result of the conviction, and completed his term of imprisonment. Abdallah argues only that the fourth requirement of section 667.5, subdivision (b), is not satisfied because he did not commit an offense resulting in a felony conviction or serve a prison or jail term within five years of his release on parole for the 2002 felony conviction.

Abdallah was released on parole on his 2002 felony conviction on February 18, 2005, and less than five years later, on October 28, 2009, he was arrested for possession of methamphetamine and subsequently convicted of a felony.[5] Had the trial court not recalled and resentenced Abdallah for his 2011 felony conviction, the fourth requirement of section 667.5, subdivision (b), would have been satisfied. Abdallah argues, however, that because the court recalled and resentenced him as a misdemeanant, he did not commit an offense in 2009 that resulted in a felony conviction. The People argue that Abdallah in fact committed a felony offense less than five years after his release from custody for a prior felony.

---

[5] Section 667.5, subdivision (d), provides that a defendant is deemed to be in prison custody for an offense until the official discharge from custody or release on parole, whichever first occurs. Here, Abdallah was released on parole for his 2002 conviction on February 18, 2005 and officially discharged on March 20, 2006.

6

B.       *The One-Year Sentence Enhancement Does Not Apply to a Defendant Who Commits an Offense Resulting in a Felony Conviction Where the Court Recalls the Felony Conviction and Resentences the Defendant under Proposition 47 Before Sentencing the Defendant on Another Crime*

Proposition 47 prospectively reduced certain felonies (including possession of methamphetamine by some defendants) to misdemeanors and created two separate mechanisms for reclassifying felony convictions as misdemeanors, depending on whether the defendant is "currently serving" a sentence for an eligible felony conviction or has "completed his or her sentence." (*Ruff*, *supra*, 244 Cal.App.4th at p. 938; *People v. Williams* (2016) 245 Cal.App.4th 458, 466 (*Williams*).)  Section 1170.18, subdivision (a), authorizes the court to recall and resentence defendants "currently serving" a felony sentence upon a finding that the reclassification will not pose an "'unreasonable risk that the [defendant] will commit a new violent felony within the meaning of' section 667, subdivision (e)(2)[(C)](iv)." (*Williams*, at p. 466; see § 1170.18, subds. (a) & (b); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.)  For defendants who have already completed their sentence, section 1170.18, subdivision (f), authorizes courts to redesignate their convictions as misdemeanors.  (*Williams*, at p. 466.)  Section 1170.18, subdivision (k), provides that any felony conviction that has been recalled and resentenced "shall be considered a misdemeanor *for all purposes*, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under [the chapter prohibiting firearm access by certain narcotics offenders]."  (Italics added.)

At the time of Abdallah's 2011 conviction for possession of methamphetamine, the offense was a "wobbler," meaning that it could be a felony or a misdemeanor, depending on the punishment imposed.  (Former Health & Saf. Code, § 11377, subd. (a); see § 17, subd. (a); *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 902 [wobblers are "'offenses punishable either as felonies or misdemeanors . . . [i]n the jargon of the criminal law'" (italics omitted).)  Abdallah's offense was classified a felony, for which he received a four-year suspended sentence and five years formal probation.  After the

7

enactment of Proposition 47, the same offense is a misdemeanor, punishable "by imprisonment in a county jail for a period of not more than one year," unless the offender has certain specified prior convictions not relevant here. (Health & Saf. Code, § 11377, subd. (a).) Thus, had Proposition 47 been in effect in 2011, Abdallah would only have been convicted of a misdemeanor.

The trial court recalled and resentenced Abdallah for his 2011 conviction for possession of methamphetamine before sentencing him in this case.[6] The question is whether, at the time the court sentenced Abdallah in the present case, Abdallah's original felony conviction in the 2011 case satisfied the fourth requirement of section 667.5, subdivision (b), or whether, once the court resentenced Abdallah on his 2011 conviction, he no longer had committed an offense that "result[ed] in a felony conviction" within five years of release on parole or discharge from custody for a prior felony conviction (in this case, the 2002 conviction).

"'"'As in any case involving statutory interpretation, our fundamental task is to determine the Legislature's intent so as to effectuate the law's purpose.'"'" (*People v. Moreno* (2014) 231 Cal.App.4th 934, 939 (*Moreno*); *People v. Cole* (2006) 38 Cal.4th 964, 974-975 (*Cole*).) "We examine the statutory language, and give it a plain and commonsense meaning. . . . If the statutory language is unambiguous, then the plain meaning controls. [Citation.] It is only when the language supports more than one reasonable construction that we may look to extrinsic aids like legislative history and

---

[6] Although the court did not specifically cite section 1170.18, subdivision (a), the court must have presumed that Abdallah was "currently serving" a sentence for that conviction because Abdallah was on probation. The People do not contend that Abdallah was not eligible for resentencing under section 1170.18, subdivisions (a) and (b). We therefore assume without deciding that "[a] person currently serving a sentence for a conviction" under section 1170.18, subdivision (a), includes a defendant, like Abdallah, who is on probation and subject to a suspended sentence. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310 [stating that section 1170.18, subdivision (a), applies to defendants "sentenced or placed on probation prior to Proposition 47's effective date"]; *People v. Scott* (2014) 58 Cal.4th 1415, 1423 [concluding in the context of similar language in Proposition 36 that "a defendant is 'sentenced' when a judgment imposing punishment is pronounced even if execution of the sentence is then suspended"].)

ostensible objectives." (*Moreno*, at p. 939; *Cole*, at p. 975.) "In the case of a provision adopted by the voters, 'their intent governs.'" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100.)

Proposition 47 borrowed the "for all purposes" language of section 1170.18, subdivision (k), from section 17, subdivision (b), which describes the effect of a judicial declaration that a wobbler offense is a misdemeanor. (See § 17, subd. (b) [where a crime is a wobbler, "it is a misdemeanor for all purposes . . . [w]hen . . . the court declares the offense to be a misdemeanor"]; *Williams*, *supra*, 245 Cal.App.4th at p. 467; *People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) In general, "'identical language appearing in separate statutory provisions should receive the same interpretation when the statutes cover the same or analogous subject matter.'" (*Williams*, at p. 467; *People v. Cornett* (2012) 53 Cal.4th 1261, 1269, fn. 6.) Because section 1170.18, subdivision (k), and section 17 both address the effect of recalling and resentencing of a felony (or a wobbler that could be a felony) as a misdemeanor, we construe the phrase "misdemeanor for all purposes" in section 1170.18, subdivision (k), to mean the same as it does in section 17. (*Williams*, at p. 467.)

In *People v. Park* (2013) 56 Cal.4th 782 (*Park*) the trial court enhanced the defendant's sentence by five years under section 667, subdivision (a), because of a prior serious felony conviction. (*Park*, at p. 787.) Before sentencing, however, another trial court had reduced the prior offense to a misdemeanor under section 17, subdivision (b), and then dismissed it pursuant to section 1203.4, subdivision (a)(1). (*Park*, at p. 787.) The Supreme Court held that "when the court in the prior proceeding properly exercised its discretion by reducing the [felony] conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony* within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (*Park*, at p. 787.) The court observed that "courts have long recognized that reduction of a wobbler to a misdemeanor under what is now section 17(b) generally precludes its use as a prior felony conviction in a subsequent prosecution." (*Park*, at p. 794.)

9

The same logic applies to sections 667.5, subdivision (b), and 1170.18, subdivision (k). Section 667.5, subdivision (b), excludes from the prior prison term enhancement a defendant who has neither committed "an offense which results in a felony conviction" nor been subject to "prison custody or the imposition of a term of jail custody . . . or any felony sentence that is not suspended" within five years of release on parole or official discharge from another felony conviction resulting in the defendant's incarceration. Once the trial court recalled Abdallah's 2011 felony sentence and resentenced him to a misdemeanor, section 1170.18, subdivision (k), reclassified that conviction as a misdemeanor "for all purposes." (See *People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1391 [interpreting the same language under section 17].) Therefore, at the time of sentencing in this case, Abdallah was not a person who had committed "an offense which result[ed] in a felony conviction" within five years after his release on parole for his prior conviction. (See *Park*, *supra*, 56 Cal.4th at p. 799 [reducing defendant's convictions from felonies to misdemeanors made defendant ineligible for sentencing enhancement for persons "previously . . . convicted of a serious felony"]; *Moreno*, *supra*, 231 Cal.App.4th at p. 940 [reducing defendant's convictions from felonies to misdemeanors under Proposition 47 made defendant ineligible for certificate of rehabilitation for "[a]ny person convicted of a felony" under section 4852.01; *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1485 [reducing felony conviction to misdemeanor under section 17, subdivision (b), precluded denial of teaching credential based on a felony conviction].) Thus, the trial court erred by imposing the one-year sentence enhancement under section 667.5, subdivision (b).

The People argue that the prior prison term enhancement nevertheless applies to Abdallah because he did "reoffend[ ] within five years" of his release on parole on the 2002 conviction, and the fact that the subsequent offense is no longer a felony is inconsequential. They contend that Proposition 47 does not intend to "go back in time" and apply retroactively to every affected offense in every context. Concluding that Abdallah is not eligible for the one-year sentence enhancement under section 667.5,

10

subdivision (b), however, does not apply Proposition 47 retroactively. The trial court did not use Abdallah's 2011 conviction as if it were a felony conviction for purposes of imposing the prior prison term enhancement until after the court had recalled Abdallah's 2011 sentence and resentenced him under Proposition 47. The court did not reach back in time to resentence Abdallah in the current case based on the redesignation of a predicate offense under section 1170.18, subdivision (f), for the prior prison term enhancement.

This case is therefore distinguishable from recent cases holding that Proposition 47 does not apply retroactively to redesignate predicate offenses as misdemeanors for purposes of imposing sentencing enhancements where the original sentence was imposed before the enactment of Proposition 47. (See, e.g., *Williams*, *supra*, 245 Cal.App.4th at p. 463; *People v. Carrea* (2016) 244 Cal.App.4th 966, 971; *Ruff*, *supra*, 244 Cal.App.4th at p. 943.) Indeed, those cases suggest that where, as here, a prior conviction is no longer a felony at the time the court imposes a sentence enhancement under section 667.5, Proposition 47 precludes the court from using that conviction as a felony merely because it was a felony at the time the defendant committed the offense.[7] (See *Williams*, *supra*, 245 Cal.App.4th at p. 474.)

The People also argue that allowing Proposition 47 to "nullify" the prior prison term enhancement would be "contrary to the broad language of article I, section 28, subdivision (f) of the California Constitution, which requires the use of enhancements without limitation." (See *People v. Cressy* (1996) 47 Cal.App.4th 981, 992.) This constitutional provision provides in relevant part that "[a]ny prior felony conviction of

_____

[7]    This case is also distinguishable from the two cases cited by the People holding that Proposition 47 does not preclude trial courts from convicting defendants of felony failure to appear when the underlying offense is reduced to a misdemeanor. Those cases turn on section 1320, subdivision (b), which states that felony failure to appear applies to persons charged with or convicted of a felony crime. (See *People v. Eandi* (2015) 239 Cal.App.4th 801, 805, review granted Nov. 18, 2015, S229305; *People v. Perez* (2015) 239 Cal.App.4th 24, 30, review granted Nov. 18, 2015, S229046.) In contrast, the exemption to the one-year enhancement of section 667.5, subdivision (b), applies to persons who do not commit an offense that "results in a felony conviction."

11

any person in any criminal proceeding . . . shall subsequently be used without limitation for purposes of . . . enhancement of sentence in any criminal proceeding." (Cal. Const., art. I, § 28, subd. (f)(4).) The Supreme Court rejected a similar argument in *Park*, concluding that "neither the language nor legislative history of article I, section 28, subdivision (f), indicates that this constitutional provision was intended to address or alter the operation of section 17(b) in defining whether a prior conviction constitutes a 'prior felony conviction' within the meaning of a recidivist sentencing statute." (*Park*, *supra*, 56 Cal.4th at p. 801.) The voters enacted Proposition 47 after *Park*, and we presume they were aware of the Supreme Court's interpretation of the California Constitution in *Park*. (See *People v. Valencia* (2016) 245 Cal.App.4th 730, 734; *People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923, 925.) The People do not point to anything in Proposition 47 or its ballot materials suggesting that the voters intended article I, section 28, subdivision (f), to qualify Proposition 47's "for all purposes" language or to deny the exemption to defendants who had committed an offense resulting in a felony conviction that was later commuted to a misdemeanor.

Moreover, in contrast to section 667.5, subdivision (b), there are statutes that impose consequences on defendants who have been charged with or convicted of a felony at any time, regardless of any subsequent reclassification or reduction. For example, "under a provision of the Three Strikes law, the determination whether a prior conviction qualifies as a strike for purposes of sentencing under that law is based 'upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.'" (*Park*, *supra*, 56 Cal.4th at p. 794; see §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) "By this language, lawmakers made clear their intent to bring within the reach of the Three Strikes law a defendant whose wobbler was reduced to a misdemeanor after the time of initial sentencing." (*Park*, at p. 794.) Similarly, section 1320, subdivision (b), defines felony failure to appear as failing to appear after having been "charged with or convicted" of the commission of a felony. The language of these provisions makes clear that whether a defendant's felony conviction is ultimately downgraded under Proposition 47

12

does not affect the applicability of these statutes. (See *People v. Walker* (2002) 29 Cal.4th 577, 583 ["whether or not the defendant ultimately is convicted of the charge for which he or she was out on bail when failing to appear" does not determine the crime of felony failure to appear].) Section 667.5, subdivision (b), does not contain any such language.

Finally, the People argue that the one-year prior prison term sentence enhancement applies to Abdallah because the enhancement is based on a defendant's recidivist status, and not on the specific underlying conduct. Again, *Park* rejected a similar argument in the context of wobblers and section 667, subdivision (a). (*Park*, *supra*, 56 Cal.4th at p. 801.) The Supreme Court in *Park* reasoned that, "[w]hen the court properly exercises its discretion to reduce a wobbler to a misdemeanor, it has found that the felony punishment, and its consequences, are not appropriate for that particular defendant." (*Ibid*.) Indeed, "one of the 'chief' reasons for reducing a wobbler to a misdemeanor 'is that under such circumstances the offense is not considered to be serious enough to entitle the court to resort to it as a prior conviction of a felony for the purpose of increasing the penalty for a subsequent crime.'" (*Id.* at p. 794.)

## DISPOSITION

The one-year prior prison term enhancement is stricken. As modified, the judgment is affirmed. The trial court is directed to forward a corrected abstract of judgment to the Department of Corrections and Rehabilitation.


SEGAL, J.

We concur:


PERLUSS, P. J.                                    BLUMENFELD, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

13