Filed 6/22/16  P. v. Mumin CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAHEEM MUMIN,<br><br>    Defendant and Appellant. | B263978<br>(Los Angeles County<br>Super. Ct. No.  NA088660) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

Tanya Dellaca, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

Four years after his conviction for offering cocaine base for sale, appellant Raheem Mumin petitioned for reduction of his 12-year sentence under Proposition 47, seeking to eliminate two one-year enhancements. His petition was denied by the trial court. He contends that Penal Code section 1170.18, subdivision (a), added in 2014 when Proposition 47 was passed by the electorate, requires his sentence to be reduced because his two prior felony convictions were redesignated misdemeanors shortly before his petition was filed.[1] We conclude appellant does not meet the requirements of section 1170.18, subdivision (a), that he be currently serving a sentence for a felony which would be a misdemeanor under Proposition 47. We further conclude that failure to include a mechanism for resentencing persons such as appellant, who was imprisoned for an offense that was a felony before Proposition 47 became effective and is still a felony, does not violate principles of equal protection. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Prior Proceedings*

In 2011, appellant was found guilty of offering cocaine base for sale in violation of Health and Safety Code section 11352, subdivision (a). The court found true that appellant suffered four prior "strike" convictions under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i) and 1170.12. subds. (a)-(d)), and two prior terms within the meaning of Penal Code section 667.5, subdivision (b) (667.5(b)).[2] The two prior prison terms were served for petty theft with a prior

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Section 667.5, subdivision (b) provides in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: [¶] . . . [¶] (b) Except where subdivision (a) applies [to certain violent felonies], where the new offense is any felony for which a prison sentence . . . is imposed . . . , in addition and

*(Fn. continued on next page.)*

2

(§ 666, convicted in July 2002 in case No. NA050087 and for possession of a controlled substance (Health & Saf. Code, § 11350), convicted in October 2007 in case No. NA074846).[3] The court struck three of the prior strike convictions and sentenced appellant to a term of 12 years in prison, consisting of: the upper term of five years for the base count, doubled pursuant to the Three Strikes law, plus one year for each of appellant's two prior prison terms under section 667.5, subdivision (b).

On November 4, 2014, California voters enacted "The Safe Neighborhoods and Schools Act," also known as "Proposition 47." (See *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1104, 1108.) It went into effect the next day. (*Id*. at p. 1108.) With exceptions not pertinent here, Proposition 47 redesignated as misdemeanors certain and drug and theft related offenses previously designated either felonies or wobblers, including the two crimes for which appellant served prior prison terms: petty theft with a prior and possession of a controlled substance. (See *ibid*.; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1092; *People v. Diaz* (2015) 238 Cal.App.4th 1323, 1330.) Proposition 47 also added a new provision -- section 1170.18. Subdivision (a) of section 1170.18 permits "[a] person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense" to "petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request

---

consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term . . . for any felony; provided that no additional term shall be imposed under this subdivision for any prison term . . . prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody . . . ."

[3] The strikes were robbery convictions, one in December 1991 and three in October 1994. His strike convictions are not at issue here.

3

resentencing . . . ." Subdivision (f) of section 1170.18 permits "[a] person who has completed his or her sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense" to "file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Subdivision (k) of section 1170.18 provides that any felony conviction redesignated a misdemeanor "shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or custody or control any firearm or prevent his or her conviction under [section 29800 et seq., restricting possession of firearms by felons]."

In February 2015, appellant petitioned under section 1170.18, subdivision (f), to have the July 2002 conviction for petty theft with a prior in case No. NA050087 and the October 2007 conviction for possession of a controlled substance in case no. NA074846 redesignated as misdemeanors. The court granted the petition and redesignated those offenses.

B. *Underlying Proceedings*

In April 2015, appellant petitioned for reduction of his sentence under section 1170.18, subdivision (a). Appellant contended that since the petty theft and possession priors in case Nos. NA050087 and NA074846 had been redesignated misdemeanors, his 2011 sentence for offering to sell should be reduced by striking the two one-year enhancements imposed under section 667.5, subdivision (b). The trial court denied the petition. This appeal followed.

4

## DISCUSSION

A.  *Interpretation of Section 1170.18*

A number of appellate courts have addressed the issue presented here -- whether redesignation of a felony conviction under Proposition 47 entitles a defendant who is serving a sentence that includes an enhancement under section 667.5, subdivision (b) for a prior prison term based on that felony to be resentenced to eliminate the enhancement.  All the decisions are currently under review by the California Supreme Court.  (See *People v. Williams* (2016) 245 Cal.App.4th 458, rev. granted May 11, 2016, S233533; *People v. Valenzuela* (2016) 244 Cal.App.4th 692, rev. granted March 30, 2016, S232900; *People v. Carrea* (2016) 244 Cal.App.4th 966, rev. granted April 27, 2016, S233011; *People v. Ruff* (2016) 244 Cal.App.4th 935, rev. granted May 11, 2016, S233201.)  For the reasons discussed, we conclude the 2015 redesignation of appellant's prior convictions from felonies to misdemeanors does not apply retroactively to require the court to reduce a sentence imposed in 2011.[4]

The principles governing a court's interpretation of a proposition enacted by popular vote are the same as those applicable to interpreting a statute enacted by the Legislature.  (*People v. Park* (2013) 56 Cal.4th 782, 796.)  "[O]ur task is to discern the lawmakers' intent."  (*Ibid.*)  "We therefore first look to 'the language of the statute'" (*ibid.*), which provides "the most reliable indicator" of the enactor's intended purpose.  (*People v. Prunty* (2015) 62 Cal.4th 59, 72.)  We give the statute's language "a plain and commonsense meaning," considering it not in

---

[4]    Respondent asserts the appeal should be dismissed, contending that because the trial court lacked jurisdiction to resentence appellant, the order denying his petition was not appealable.  Denial of a petition for resentencing is appealable even though the court concludes the petitioner was not eligible.  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.)

5

isolation, but "in context, keeping in mind the statute's nature and obvious purposes," and "harmoniz[ing] [its] various parts . . . ." (*People v. Cole* (2006) 38 Cal.4th 964, 975.) "Where the statutory language in dispute is clear and unambiguous, there is no need for construction and the judiciary should not indulge in it." (*People v. Massicot* (2002) 97 Cal.App.4th 920, 925.) as it is not the role of the judiciary "to insert what has been omitted or omit what has been included." (*Ibid*.) Only if the language supports more than one reasonable construction do we "look to extrinsic aids," such as "the ostensible objects to be achieved and the legislative history." (*People v. Cole*, *supra*, 38 Cal.4th at p. 975; see *Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114 ["[W]e may not properly interpret the measure [at issue] in a way that the electorate did not contemplate; the voters should get what they enacted, not more and not less"].)

As noted above, Proposition 47 created two separate mechanisms for redesignating felonies (or wobblers sentenced as felonies). Subdivision (f) of section 1170.18 permits redesignation after the sentence for the felony offense is served. Appellant took advantage of that provision to have his 2002 and 2007 offenses redesignated. Subdivision (a) of section 1170.18 permits recall of a sentence for resentencing, but applies to a defendant "currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense . . . ." The conviction for which appellant is currently serving a sentence -- offering a controlled substance for sale -- was a felony when appellant was convicted in 2011 and remains a felony. It was not among the offenses that were reduced to misdemeanors. Recall and resentencing are available under subdivision (a) only where a defendant has been convicted of and is "currently serving" a sentence for one of the specified offenses. Section 1170.18 contains no reference to sentence enhancements and no procedure for striking an enhancement for a

6

prison prior if the felony underlying it has been reduced to a misdemeanor after the sentence has been imposed.  Accordingly, under the plain language of the statute, appellant is not entitled to the relief requested.

Appellant contends that the voters intended the provision to cast as wide a net as possible, citing the text of the proposition as it appeared on the ballot and the voter information guide circulated at that time.  (See, e.g., Proposition 47, § 2 [purpose of proposition is to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the saving generated [into various crime prevention programs]"]; § 18 ["This act shall be liberally construed to effectuate its purposes."]; Voter Information Guide, Gen Elec. (Nov. 4, 2014), argument in favor of Prop. 47, at p. 38 [Proposition 47 "[s]tops wasting prison space on petty crimes" and "on warehousing people in prisons for nonviolent petty crimes, saving hundreds of millions of taxpayer funds every year"].)  "Where the statutory language in dispute is clear and unambiguous, there is no need for construction and the judiciary should not indulge in it" (*People v. Massicot*, *supra*, 97 Cal.App.4th at p. 925). We do not perceive an ambiguity in section 1170.18, subdivision (a).  Accordingly, its plain meaning controls.

Appellant contends *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209 supports his position that the voters intended to extend the benefits of Proposition 47 retroactively to the current situation.[5]  In *Alejandro N.*, the trial court reduced a minor's maximum term of confinement after resdesignating his commercial burglary conviction to shoplifting, a misdemeanor offense, but denied

---

[5]     Appellant also cites a case currently under review by the Supreme Court -- *People v. Buycks* (2015) 241 Cal.App.4th 519, rev. granted Jan. 30, 2016, S231765.

the minor's request that his DNA materials be removed from the Department of Justice database. The Court of Appeal reversed, finding the circumstances to fall within the language of section 299, subdivision (a), requiring expungement of DNA material from the database "if the person has no past or present offense or pending charge which qualifies that person for inclusion . . . ." In so doing, the court observed that section 1170.18 "extends [Proposition 47] reclassification in retroactive fashion to qualified offenders who incurred their convictions before [the proposition's] effective date," and that the voters intended to extend the benefits of Proposition 47 "on a broad retroactive basis to persons convicted of felonies before [its] effective date . . . ." (*Alejandro N., supra,* 238 Cal.App.4th at p. 1228.) We have no quarrel with those propositions. Subdivisions (a) and (f) of section 1170.18 are intended to apply retroactively to persons whose convictions have become final -- but only if such persons fall under the terms of these subdivisions. At issue here is whether to apply subdivision (a) of section 1170.18 outside its plain language to a person whose sentence does not qualify for recall because he is not currently serving a sentence for conviction of a felony that would be a misdemeanor under Proposition 47. Nothing in *Alejandro N.* suggests we should.

Appellant points to the language of subdivision (k) of section 1170.18 stating that any felony conviction redesignated as a misdemeanor "shall be considered a misdemeanor for all purposes." Citing *People v. Flores* (1979) 92 Cal.App.3d 461 and *People v. Park, supra,* 56 Cal.4th 782, he contends similar language was interpreted as precluding imposition of a prison prior enhancement once the felony on which it was based is reduced to a misdemeanor. Appellant overlooks, however, that in both cases, the redesignation of the felony occurred before the defendants were convicted and sentenced of the successor crime. In *Flores,* the defendant was convicted of felony possession of marijuana in 1966.

8

(*Flores, supra*, 92 Cal.App.3d at p. 470.) In 1975, the Health and Safety Code was amended to make possession of marijuana a misdemeanor. (*Flores*, *supra,* at p. 470.) The language of the amendment stated that a "'record of a conviction for an offense specified . . . shall not be considered . . . for any purposes . . . .'" (*Id*. at p. 472.) When appellant was convicted of sale of heroin in 1977, the trial court included an enhancement under section 667.5 based on the 1966 offense. (*Flores*, at p. 464, fn. 1.) The appellate court reversed this portion of the sentence, finding that the quoted provision could not be interpreted to require "one who had already served a felony sentence for possession of marijuana [to] be subjected to the additional criminal sanction of sentence enhancement" without contravening its "clear meaning." (*Id*. at p. 473.)

Similarly, in *Park*, the defendant was convicted of a felony in 2003. (*Park, supra*, 56 Cal.4th at p. 787.) The trial court suspended imposition of sentence, placed him on three years' probation, and thereafter reduced the conviction to a misdemeanor under section 17, subdivision (b)(3).[6] (*Park, supra,* at p. 787.) Nonetheless, when the defendant was convicted of a new felony offense in 2007, the court imposed a five-year enhancement under section 667, subdivision (a) based on the 2003 felony conviction. (*Park, supra*, at pp. 787-788.) Section 17, subdivision (b), like the statute at issue in *Flores* and section 1170.18, subdivision (k), provides that when a crime is declared to be a misdemeanor by the trial court under its provisions, "it is a misdemeanor for all purposes." (*Park*, at p. 789, fn. 4.) The court held that "when a wobbler has been reduced to a misdemeanor the

---

[6] Section 17, subdivision (b), describes a number of circumstances under which a wobbler will be construed as a misdemeanor, including "'[w]hen the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.'" (See *Park*, *supra*, 56 Cal.4th at p. 790.)

prior conviction does not constitute a prior felony conviction within the meaning of section 667(a)." (*Id*. at p. 799.) At the same time, the court recognized that "until the court actually exercises its discretion to reduce a wobbler to a misdemeanor under section 17(b), the offense is deemed a felony for all purposes," and that the defendant would have been "subject to the section 667(a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Id*. at pp. 800, 802.)

Contrary to appellant's assertion, neither *Flores* nor *Park* holds that the 2015 redesignation of his prior offenses requires the court to resentence him for his current crime. To the contrary, from these decisions we glean the rule that the status of a prior conviction is assessed at the time of the original sentencing and is unaffected by later events. (See also *People v. Abdallah* (2016) 246 Cal.App.4th 736, 743-746 [relying on *Park* in holding that where prior offense is redesignated *before* sentence imposed for current offense, defendant "was not a person who had committed 'an offense which result[ed] in a felony conviction' within five years after his release on parole for his prior conviction" for purposes of section 667.5, subd. (b)].) At the time of appellant's sentencing in 2011, his prior offenses had not been redesignated misdemeanors and were not eligible for redesignation under any existing law. The court imposed a valid sentence under the rules applicable at the time. Appellant does not fit within any categories eligible for resentencing under Proposition 47. Accordingly, the trial court did not err in denying his petition to recall his sentence.

B. *Equal Protection*

Appellant contends that refusing to extend the provisions of Proposition 47 to his situation denies him equal protection under the Fourteenth Amendment. He contends such refusal imposes an improper distinction between those defendants

10

serving a prison sentence enhanced by prison priors for crimes that are no longer felonies under Proposition 47, and those who can now claim the benefit of resdesignation under Proposition 47 to avoid such enhancements. Both the United States Constitution and the California Constitution guarantee equal protection of the laws. (See *In re Evans* (1996) 49 Cal.App.4th 1263, 1270.) It is well settled, however, that "'[a] reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection.'" (*People v. Floyd* (2003) 31 Cal.4th 179, 189.) "'[T]he ability to elect to be sentenced under a law enacted after the date of the commission of a crime is not a constitutional right but a benefit conferred solely by statute. It is not unconstitutional for the legislature to confer such benefit only prospectively . . . .'" (*Ibid.*) Appellant was punished in accordance with the sanctions in effect at the time his offenses were committed. He was not constitutionally entitled to the benefit of subsequent changes not made retroactive to him.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, J.


We concur:


WILLHITE, Acting P. J.


COLLINS, J.