Filed 9/23/16  P. v. Isaia CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SIERRA ISAIA,<br><br>    Defendant and Appellant. | G051739<br><br>(Super. Ct. No. 14NF1892)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

# I.

## Introduction

Sierra Isaia appeals from the order granting, in part, his petition under Penal Code section 1170.18 (section 1170.18) for a recall of sentence and resentencing. The trial court granted the petition, reduced a prior felony conviction for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) to a misdemeanor, and resentenced Isaia. The court declined, however, to grant Isaia's request to dismiss a prior felony conviction enhancement allegation that was based on a felony conviction that had been designated as a misdemeanor under section 1170.18.

We conclude that designation of an earlier felony conviction as a misdemeanor pursuant to section 1170.18 means that conviction no longer qualifies as the basis for imposition of a prior prison enhancement allegation under Penal Code section 667.5, subdivision (b) (section 667.5(b)). The trial court therefore should have granted Isaia's request to strike the prior felony conviction enhancement allegation that was based on the felony conviction that had been designated as a misdemeanor. We therefore reverse in part and remand for resentencing.

# II.

## Background

Isaia was charged by information with three counts: count 1—felony possession of ammunition by a prohibited person in violation of Penal Code section 30305, subdivision (a)(1); count 2—felony possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a); and count 3— misdemeanor possession of controlled substance paraphernalia in violation of Health and Safety Code section 11364.1, subdivision (a). The information alleged four prior felony conviction/separate prison term enhancements pursuant to section 667.5(b) (prior felony

2

conviction allegations). Relevant here is the allegation that Isaia was convicted in April 2012 of buying or receiving stolen property in violation of Penal Code section 496, subdivision (a) and, for that offense, served a separate prison term of one year or more.

In October 2014, Isaia pleaded guilty to all three counts and admitted the prior felony conviction allegations. The court imposed a three-year sentence on count 1, a concurrent three-year sentence on count 2, a concurrent six-month sentence on count 3, and a one-year sentence on three of the four prior felony conviction allegations (including the buying or receiving stolen property conviction). The court struck for sentencing purposes the fourth prior felony conviction allegation. The trial court suspended execution of a portion of the sentence to that Isaia received a "[d]ivided sentence" under Penal Code section 1170, subdivision (h)(5) of two years in county jail followed by mandatory supervision for four years. He received 168 actual days of credit and 168 conduct days of credit for a total of 336 days of credit for time served.

In December 2014, Isaia filed a petition for a recall of sentence and resentencing on count 2 pursuant to section 1170.18, subdivision (a). The People did not oppose the petition but requested a hearing regarding resentencing.

At a hearing in March 2015, the trial court granted Isaia's petition for a recall of sentence and resentencing on count 2. At the same hearing, the court granted Isaia's petition to have his prior felony conviction for buying or receiving stolen property designated a misdemeanor. Isaia asked the trial court to dismiss the prior felony conviction allegation based on the buying or receiving stolen property conviction now designated a misdemeanor. The court denied the request. Isaia filed a notice of appeal to challenge that denial.

## III.

## Discussion

### A. *Issue*

The issue presented is whether a felony conviction that is designated a misdemeanor under section 1170.18 continues to qualify as the basis for a prior felony conviction/separate prison sentence enhancement allegation under section 667.5(b). We conclude it does not.

### B. *Background Law and Standard of Statutory Interpretation*

"'On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act . . . .' [Citation.] 'Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors).' [Citation.]" (*People v. Morales* (2016) 63 Cal.4th 399, 404.) Proposition 47 added section 1170.18. (*People v. Morales*, *supra*, at p. 404.)

Under section 1170.18, subdivision (a), "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." Under section 1170.18, subdivision (f), "[a] person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the

4

judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."

Section 1170.18, subdivision (k)—enacted as part of Proposition 47— states: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) [of section 1170.18] shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."

We independently review issues of statutory construction. (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83.) The fundamental task of statutory interpretation is to ascertain the Legislature's intent to effectuate the statute's purpose. (*Ibid.*) We do so first by considering the language of the statute itself, giving the words used their ordinary meaning. (*Ibid.*) If the statutory language is unambiguous, the plain meaning controls and consideration of extrinsic sources to determine the Legislature's intent is unnecessary. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919.) We read the statute as a whole to harmonize and give effect to all parts. (*Ste. Marie v. Riverside County Regional Park & Open-Space Dist.* (2009) 46 Cal.4th 282, 289.)

C. *A Felony Designated as a Misdemeanor Under
Section 1170.18 Cannot Serve as the Basis for a
Prior Felony Conviction Enhancement Allegation.*

Section 1170.18, subdivision (k) plainly states that a felony conviction designated as a misdemeanor under section 1170.18, subdivision (g) shall be considered a misdemeanor *for all purposes*, except for purposes of owning or possessing a firearm. The term "all purposes" would include the purpose of serving as the basis of a prior felony conviction enhancement allegation under section 667.5(b).

5

The recent case of *People v. Abdallah* (2016) 246 Cal.App.4th 736 (*Abdallah*), which involved a similar direct attack on an enhancement, holds that the reduction of a prior felony to a misdemeanor pursuant to section 1170.18 precludes the trial court from using it as the basis for imposing an enhancement under section 667.5(b). We agree with the analysis of *Abdallah*, and conclude it supports the same result here.

In *Abdallah, supra,* 246 Cal.App.4th at page 742, the Court of Appeal explained that the California Supreme Court has set forth the elements required to qualify for the prior prison term enhancement: "Imposition of a sentence enhancement under Penal Code section 667.5[(b)] requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction." (*People v. Tenner* (1993) 6 Cal.4th 559, 563.) As the *Abdallah* court concluded, the first of those required elements is eliminated when the defendant's prior conviction is designated as a misdemeanor. (*Abdallah*, *supra*, at p. 746.) In reaching that conclusion, the *Abdallah* court relied largely on *People v. Park* (2013) 56 Cal.4th 782, in which the Supreme Court considered whether a court order reducing a wobbler to a misdemeanor precluded its later use as the basis for a felony sentence enhancement. The Supreme Court held it did because "when the court in the prior proceeding properly exercised its discretion by reducing the [felony] conviction to a misdemeanor, that offense no longer qualified as a prior serious *felony* within the meaning of section 667, subdivision (a), and could not be used, under that provision, to enhance defendant's sentence." (*People v. Park*, *supra*, at p. 787.)

In *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*), the Court of Appeal reached a similar conclusion in a situation in which legislation, rather than a court order, designated the defendant's earlier felony as a misdemeanor. The *Flores* court concluded it was improper to rely on a defendant's prior felony conviction for possession of

marijuana as the basis for a felony enhancement, once the Legislature had reduced the crime of possession to a misdemeanor. (*Id.* at pp. 470-471.) In reaching that conclusion, the *Flores* court relied on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), for the proposition that "[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*Estrada*, *supra*, at p. 745.)

Although the marijuana legislation under consideration in *Flores* did not expressly provide for the reduction of prior felony convictions to misdemeanor status, the court concluded that the legislation's clear language (including a requirement that all records pertaining to such convictions be destroyed) demonstrated it was "intended to prohibit the use of the specified records for the purpose of imposing any collateral sanctions." (*Flores*, *supra*, 92 Cal.App.3d at p. 472.) Thus, under *Flores* and *People v. Park*, when a felony is reduced to or designated a misdemeanor, whether by legislation or court order, it cannot be used to support a felony sentence enhancement.

D. *Isaia's Prior Conviction for Buying or Receiving Stolen Property Could Not Serve as the Basis for a Prior Felony Conviction.*

There is a difference in timing between this case and *Abdallah*. In *Abdallah*, the trial court had sentenced the defendant to the prison prior enhancement just after it had reduced the relevant underlying felony to a misdemeanor. (*Abdallah, supra,* 246 Cal.App.4th at p. 740.) Thus, the enhancement was erroneous at the moment it was imposed. In this case, by contrast, at the time Isaia was originally sentenced, his prior felony conviction for buying or receiving stolen property had not yet been reduced to a misdemeanor. Thus, unlike the trial court in *Abdallah*, the trial court in this case did not

7

err at the time of original sentencing because at that time the conviction for buying or receiving stolen property was a felony.

That distinction does not make a difference. In *Estrada, supra*, 63 Cal.2d 740, the California Supreme Court held that legislatively mandated sentence reductions must be applied in all cases where the judgment is not final. "The holding in *Estrada* was founded on the premise that '"[a] legislative mitigation of the penalty *for a particular crime* represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law.""'" (*People v. Brown* (2012) 54 Cal.4th 314, 325.) The imposition of a sentence enhancement based on the felony status of a prior crime falls within this rule.

Citing *People v. Rivera* (2015) 233 Cal.App.4th 1085 (*Rivera*), the Attorney General argues section 1170.18, subdivision (k) "does not apply retroactively to invalidate prior prison enhancements." In that case, the Court of Appeal considered whether the reduction of the defendant's felony conviction to a misdemeanor under Proposition 47, before the defendant's appeal from the conviction was heard, would affect appellate jurisdiction. (*Rivera*, *supra,* at p. 1100.) The Court of Appeal concluded it did not because, under California Rules of Court, rule 8.304(a)(1), the Court of Appeal had jurisdiction over a judgment or appealable order of the superior court in a "felony case" and, under rule 8.304(a)(2), a felony case "means any criminal action in which a felony is charged, regardless of the outcome." (*Rivera*, *supra,* at p. 1095.)

In *Rivera*, the Court of Appeal reasoned that nothing in the text of Proposition 47 or the ballot materials "contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction." (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) Although the defendant had filed his notice of appeal after the trial court designated his offense a misdemeanor, "for the purpose of determining appellate jurisdiction, we consider the nature of the offense at the time it was charged." (*Id.* at p. 1101.) In effect, *Rivera* holds

8

that the subsequent designation of a defendant's felony conviction as a misdemeanor does not retroactively change the circumstances existing at the time the defendant was charged for purposes of appellate jurisdiction.

Here, by contrast, whether Isaia's prior conviction for buying or receiving stolen property could serve as the basis for a prior felony conviction enhancement allegation must be determined based on current facts. When Isaia was resentenced in March 2015, the prior felony conviction for buying or receiving stolen property had been designated a misdemeanor and therefore could not serve as the basis of a prior felony conviction enhancement pursuant to section 667.5(b). On remand, the trial court must resentence Isaia based on facts currently in existence, including the fact his prior felony conviction for buying or receiving stolen property has been designated as a misdemeanor.

We recognize that in *People v. Jones* (2016) 1 Cal.App.5th 221, review granted September 14, 2016, S235901, the Court of Appeal reached a different conclusion. In that case, the Court of Appeal concluded: "[N]o provision allows offenders to request or courts to order retroactively striking or otherwise altering an enhancement based on . . . a redesignated prior offense. Absent such an express provision, we cannot apply the statute [(section 1170.18)] retroactively." (*Id.* at p. 230.) We disagree with *People v. Jones*, which we believe is inconsistent with *Estrada, supra,* 63 Cal.2d 740, *Abdallah, supra,* 246 Cal.App.4th 736, and *Flores, supra,* 92 Cal.App.3d 461. Recognizing the current status of a prior conviction is not the same thing as giving it retroactive effect.

## IV.

## Disposition

The order granting, in part, Isaia's petition under section 1170.187 is affirmed in part and reversed in part. The matter is remanded with directions to strike the

9

prior felony conviction allegation based on the conviction for buying or receiving stolen property and to resentence Isaia.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.