Filed 11/14/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>LUIS DONICIO VALENZUELA,<br><br>  Defendant and Appellant. | 2d Crim. No. B269027<br>(Super. Ct. No. 2013025724)<br>(Ventura County) |

The crime of "street terrorism" requires, inter alia, that a person actively participate in criminal street gang activity and willfully promote, further or assist in any felonious criminal conduct of the gang. (Pen. Code, § 186.22, subd. (a).)[1] The enhancement for the commission of a felony for the benefit of a criminal street gang requires that the underlying crime be a felony. (*Id.*, subd. (b)(1).) Here we resolve an unanticipated consequence of the passage of Proposition 47, i.e., whether a conviction for street terrorism survives after a felony conviction that is based upon the same conduct has been reduced to a misdemeanor. We hold that it does survive because, unlike with a gang enhancement, a street terrorism conviction does not require a felony conviction; it requires only that the conduct that

---

[1] All further statutory references are to the Penal Code.

resulted in the conviction was felonious at the time it was committed. We therefore affirm the trial court's order denying resentencing on Luis Donicio Valenzuela's street terrorism conviction.

FACTS AND PROCEDURAL HISTORY[2]

In 2013, Valenzuela stole a $200 bicycle from "the person" of the victim and was convicted of grand theft. (Pen. Code, § 487, subd. (c).) In addition, an enhancement of having committed that crime for the benefit of a gang was found to be true. (§ 186.22, subd. (b)(1).) Valenzuela was also convicted of street terrorism (*id.*, subd. (a)), and sentenced to an aggregate term of nine years eight months in prison.

At the time Valenzuela stole the bicycle, taking property from the person of another was classified as grand theft, irrespective of the property's value. Following the passage of section 1170.18 (Proposition 47) by voter initiative in November 2014, theft of money or property worth $950 or less, even if taken directly from another person, is "considered petty theft and . . . punished as a misdemeanor." (§ 490.2, subd. (a).)

After Proposition 47 took effect, Valenzuela successfully petitioned the trial court to reclassify his theft conviction as a misdemeanor. The effect of doing so precluded attachment of the gang enhancement to that count. The trial court, however, denied his motion to dismiss the street terrorism

_____

[2] We have previously set forth the full facts and procedural history in *People v. Valenzuela* (April 30, 2015, No. B256440 [nonpub. opn.]). We do not repeat them here except as relevant to the issue before us.

conviction, finding that the reclassification of his theft conviction as a misdemeanor did not affect that count.

Valenzuela's appeal concerns the difference between a gang enhancement, which requires a felony conviction (§ 186.22, subd. (b)(1)), and a street terrorism conviction, which requires both the active participation in a criminal street gang and the willful promotion of "felonious criminal conduct" by gang members. (*Id.*, subd. (a).) As we shall explain, the street terrorism conviction did not require a felony conviction; it required only that Valenzuela's conduct (which resulted in the grand theft conviction) was felonious *at the time he engaged in it.*

DISCUSSION

Valenzuela claims the trial court "failed to treat [his] resentencing as a plenary sentencing which required the court to take into account [his grand theft conviction's] reduction to a misdemeanor when resentencing on [the street terrorism conviction]." But the trial court *did* treat the resentencing as a plenary sentencing. It resentenced him to a misdemeanor on the grand theft count and struck the enhancements on that count— including the gang enhancement—that did not apply to a misdemeanor conviction. Valenzuela does not argue that his modified sentence on the street terrorism count was unauthorized for a valid conviction; he contends that the street terrorism conviction itself was invalid after the theft conviction became a misdemeanor. We disagree.

"The gravamen of the [street terrorism offense] is active participation in a criminal street gang." (*People v. Albillar* (2010) 51 Cal.4th 47, 55.) To that end, it requires participation in the "felonious criminal conduct" of at least one other gang member. (§ 186.22, subd. (a); *People v. Rodriguez* (2012)

3

55 Cal.4th 1125, 1134.) It does not require that anyone sustain a conviction for that conduct. Because the focus is on the commission rather than the conviction of a felony, it is irrelevant that Valenzuela's theft conviction "shall [now] be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).) Valenzuela's reliance on cases such as *People v. Park* (2013) 56 Cal.4th 782, *People v. Abdallah* (2016) 246 Cal.App.4th 736, and *People v. Flores* (1979) 92 Cal.App.3d 461, is misplaced. Those cases involved sentence enhancements predicated on the felony status of a *conviction*.

Grand theft is generally a "wobbler" (*People v. Ceja* (2010) 49 Cal.4th 1, 7, fn. 6), which "becomes a 'misdemeanor for all purposes' . . . only when the court takes affirmative steps to classify the crime as a misdemeanor." (*People v. Park*, *supra*, 56 Cal.4th at p. 793; see *People v. Abdallah*, *supra*, 246 Cal.App.4th at p. 745 [construing "the phrase 'misdemeanor for all purposes' in section 1170.18, subdivision (k), to mean the same as it does in section 17"].) "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively . . . ." (*People v. Feyrer* (2010) 48 Cal.4th 426, 439, superseded by statute on another ground as stated in *Park*, at p. 789, fn. 4; *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 ["[A] wobbler is a felony at the time it is committed and remains a felony unless and until the principal is convicted and sentenced to something less than imprisonment in state prison (or the crime is otherwise characterized as a misdemeanor)"].)

When Valenzuela stole the bicycle, he engaged in felonious criminal conduct. That is true regardless of his conviction for grand theft and its subsequent reduction to a

misdemeanor.  The trial court properly declined to set aside his conviction for street terrorism.

DISPOSITION

The order denying Proposition 47 resentencing on Valenzuela's street terrorism conviction is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

PERREN, J.

We concur:

YEGAN, Acting P. J.

TANGEMAN, J.

5

Nancy L. Ayers, Judge
Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy, and William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, and Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.