# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,
v.
LUIS DONICIO VALENZUELA,
Defendant and Appellant.

S239122

Second Appellate District, Division Six
B269027

Ventura County Superior Court
2013025724

June 3, 2019

Chief Justice Cantil-Sakauye authored the opinion of the court, in which Justices Chin, Liu, Cuéllar and Groban concurred.

Justice Corrigan filed a dissenting opinion.

Justice Kruger filed a dissenting opinion in which Justice Corrigan concurred.

PEOPLE v. VALENZUELA

S239122

Opinion of the Court by Cantil-Sakauye, C. J.

In November 2014, California voters approved Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47). This initiative reclassified as misdemeanors certain narcotics and theft offenses previously cast as felonies. We granted review in this matter to determine what effect the reduction of a felony conviction to a misdemeanor under Proposition 47 has on a related conviction, subsumed within the same judgment, for the crime of "street terrorism." This gang crime occurs when a "person who actively participates in any criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal gang activity . . . willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang." (Pen. Code, § 186.22, subd. (a).)[1]

Here, defendant stole a bicycle and on that basis was convicted of both felony grand theft (§ 487, subd. (c)) and street terrorism. After Proposition 47 came into effect, defendant successfully petitioned to have the grand theft conviction reduced to a misdemeanor. (See § 1170.18, subds. (a), (b), as added by Prop. 47, § 14, approved by voters Gen. Elec. (Nov. 4, 2014).) The resentencing court refused to dismiss defendant's conviction for street terrorism, even though the theft of the bicycle supplied the "felonious criminal conduct" necessary for

---

[1]     All subsequent undesignated statutory references are to the Penal Code.

the commission of this offense. (§ 186.22, subd. (a).) The Court of Appeal affirmed.

We conclude that defendant is entitled to have his street terrorism conviction dismissed. The reduction of defendant's grand theft conviction to a misdemeanor through Proposition 47 resentencing established the absence of an essential element of the street terrorism offense — *felonious* criminal conduct. With this element now absent, in the full resentencing that is to occur under the initiative the court cannot lawfully impose sentence on the street terrorism conviction. We therefore reverse the judgment below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Manny Ramirez was riding his bicycle in Oxnard when defendant Luis Valenzuela and his friend Timothy Medina waved at him to stop. Ramirez complied. Defendant asked Ramirez where he was from. Defendant also warned Ramirez that he did not like "homies from East Side," a street gang in Santa Barbara.

Ramirez replied that he was not a member of any gang. Defendant nevertheless tried to punch Ramirez. After Ramirez dodged his punch, defendant grabbed Ramirez's bicycle and said it was now his. Defendant gave Ramirez his address and told him he could come to his house and get the bike back, but Ramirez would need to bring an "older homie from the neighborhood to vouch for him." Medina added, "If you want your bike back, you'll have to throw down or fight for it."

Ramirez left. He reported the incident to police and gave them defendant's address. Police recovered the bicycle from that address and arrested defendant. The bicycle was worth approximately $200.

In 2014, a jury found defendant guilty of felony grand theft (§ 487, subd. (c) [recognizing the crime of grand theft as having occurred "when the [stolen] property is taken from the person of another"]) as a lesser offense of the charged crime of robbery (§ 211). The jury also found defendant guilty of street terrorism. (§ 186.22, subd. (a).) Enhancements alleging that defendant committed the felony grand theft offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and had suffered a prior serious felony conviction (§ 667, subd. (a)) and a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) were found true. The trial court subsequently sentenced defendant to nine years eight months in prison in connection with these crimes and enhancements.[2]

The electorate approved Proposition 47 while defendant's appeal was pending. Among its various provisions, this initiative redefined grand theft. At the time of defendant's crimes, taking property from the person of another was grand theft, a felony offense, regardless of the property's value. (See § 487, subd. (c).) Section 490.2, subdivision (a), added by Proposition 47, altered this rule. In general, "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (§ 490.2, subd. (a).)

The Court of Appeal affirmed the judgment on direct appeal, and this court denied defendant's petition for review.

---

[2] Defendant also pleaded guilty to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), for which he received an additional eight-month term.

Defendant then filed a petition with the trial court seeking the reclassification and resentencing of his grand theft felony conviction as misdemeanor petty theft. (See § 1170.18, subd. (a).) In his petition, defendant also asserted that if this conviction was reclassified as a misdemeanor, his conviction for street terrorism must be dismissed because the specific criminal conduct underlying that offense — again, theft of a bike valued at $200 — could no longer be regarded as felonious.

The trial court resentenced the theft conviction as a misdemeanor. (See §§ 490.2, subd. (a), 1170.18, subd. (b).) This reduction required the dismissal of the gang enhancement, which adheres only upon conviction of a felony. (§ 186.22, subd. (b)(1).)[3] The trial court declined to dismiss the street terrorism conviction, however. The trial court resentenced defendant to seven years eight months in prison. This sentence consisted of the lower term of 16 months on the street terrorism count, doubled to two years eight months because of the prior strike, plus another five-year term for the serious felony enhancement. (See §§ 186.22, subd. (a), 667, subds. (a)(1), (e)(1).)

The Court of Appeal upheld the trial court's refusal to dismiss the street terrorism conviction. (*People v. Valenzuela*

---

[3] Section 186.22, subdivision (b)(1) provides, in pertinent part, that "any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony," be subject to a custodial term in addition to the one associated with the underlying felony offense. This enhancement "punishes gang-related conduct, i.e., felonies committed with the specific intent to benefit, further, or promote the gang." (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1138 (lead opn. of Corrigan, J.) (*Rodriguez*).)

(2016) 5 Cal.App.5th 449, 453.) According to the appellate court, the fact that Proposition 47 required defendant's theft conviction to be regarded as "a misdemeanor for all purposes" (§ 1170.18, subd. (k)) upon resentencing was of no consequence to the street terrorism crime, because the gang offense was focused "on the *commission* rather than the *conviction* of a felony." (*Valenzuela*, at p. 452, italics added.) The court summarized, "When Valenzuela stole the bicycle, he engaged in felonious criminal conduct. That is true regardless of his conviction for grand theft and its subsequent reduction to a misdemeanor. The trial court properly declined to set aside his conviction for street terrorism." (*Id.*, at p. 453.)

We granted defendant's petition for review.

## II. Discussion

Our analysis begins with a review of the pertinent statutes and how they have been construed. We then consider their application to this case. We conclude that defendant's street terrorism conviction should have been dismissed in the full resentencing that defendant must receive under Proposition 47.

### A. Relevant Statutes and Case Law

#### 1. *The Crime of Street Terrorism under Section 186.22, Subdivision (a)*

The Legislature originally enacted section 186.22 in 1988 as part of the California Street Terrorism Enforcement and Prevention Act, also known as the "STEP Act." (§ 186.20 et seq.) The STEP Act declares that "[i]t is the intent of the Legislature in enacting this [measure] to seek the eradication of criminal activity by street gangs by focusing upon patterns of criminal gang activity and upon the organized nature of street gangs,

which together, are the chief source of terror created by street gangs." (§ 186.21, 2d par.)

Although defendant was charged under two different provisions of the STEP Act, only one of these allegations is presently at issue. The relevant crime is set forth in section 186.22, subdivision (a), which provides: "Any person who actively participates in any criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."

"The gravamen of the substantive offense set forth in section 186.22[, subdivision] (a) is active participation in a criminal street gang." (*People v. Albillar* (2010) 51 Cal.4th 47, 55.) "[W]ith section 186.22[, subdivision] (a), the Legislature sought to punish gang members who acted in concert with other gang members in committing a felony regardless of whether such felony was gang-related." (*Rodriguez, supra*, 55 Cal.4th at p. 1138 (lead opn. of Corrigan, J.), italics omitted.) The essential elements for a conviction under section 186.22, subdivision (a) are: "(1) active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; (2) knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and (3) the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang." (*Albillar*, at p. 56.)

The third element of the street terrorism crime is most squarely at issue here. In analyzing this component of the

crime, our prior case law has articulated several principles relevant to the present case. "[*M*]*isdemeanor conduct* . . . cannot constitute 'felonious criminal conduct' within the meaning of" this element. (*People v. Lamas* (2007) 42 Cal.4th 516, 524 (*Lamas*).) Furthermore, liability under this provision is limited "to those who promote, further, or assist *a specific felony* committed by gang members and who know of the gang's pattern of criminal gang activity." (*People v. Castenada* (2000) 23 Cal.4th 743, 749, italics added.) In other words, the provision "requir[es] the promotion or furtherance of *specific conduct* of gang members and not inchoate future conduct." (*Rodriguez*, *supra*, 55 Cal.4th at p. 1137 (lead opn. of Corrigan, J.).)

### 2. *Relevant Provisions of Proposition 47*

Proposition 47 altered prior law in several important respects. Among these changes, the initiative amended various provisions of the Health and Safety Code and the Penal Code to reclassify as misdemeanors certain narcotics and theft offenses that had been denominated either felonies or "wobblers" (i.e., crimes capable of being charged as either felonies or misdemeanors). The initiative created a procedure through which persons serving a sentence for a qualifying felony may petition to have the conviction reclassified as a misdemeanor. (§ 1170.18, subds. (a), (b).) Persons convicted of certain offenses are ineligible for resentencing. (*Id.*, subd. (i).) An eligible petitioner shall have his or her sentence recalled and be resentenced to a misdemeanor, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (b).) Through a separate procedure, a person who already has completed his or her sentence for a qualifying felony also may

7

have the underlying conviction redesignated as a misdemeanor. (*Id.*, subds. (f)-(h).)

Section 1170.18 further provides that "[a] felony conviction that is recalled and resentenced . . . or designated as a misdemeanor . . . shall be considered a misdemeanor for all purposes, except that resentencing shall not permit that person to own, possess, or have in his or her custody or control a firearm or prevent his or her conviction under [various statutes prohibiting possession of a firearm under certain circumstances]." (§ 1170.18, subd. (k).) An uncodified provision of the measure provides that Proposition 47 "shall be liberally construed to effectuate its purposes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 18, p. 74; see also *id.*, § 15, p. 74 [providing that the initiative "shall be broadly construed to accomplish its purposes"].)

### 3. Prior Interpretation of Proposition 47

Proposition 47 has generated many interpretive issues for this court. (See, e.g., *People v. Lara* (2019) 6 Cal.5th 1128; *People v. Franco* (2018) 6 Cal.5th 433; *In re C.B.* (2018) 6 Cal.5th 118; *People v. Gonzales* (2018) 6 Cal.5th 44; *People v. Buycks* (2018) 5 Cal.5th 857 (*Buycks*); *People v. Martinez* (2018) 4 Cal.5th 647; *People v. DeHoyos* (2018) 4 Cal.5th 594; *People v. Page* (2017) 3 Cal.5th 1175; *People v. Valencia* (2017) 3 Cal.5th 347; *People v. Romanowski* (2017) 2 Cal.5th 903.) In construing the initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) As a law adopted by the voters, "their intent governs." (*People v. Jones* (1993) 5 Cal.4th 1142, 1146.) In ascertaining that intent, "we turn first to the language of the statute, giving the words their ordinary meaning." (*People v. Birkett* (1999)

21 Cal.4th 226, 231.) This language is interpreted in the context of the statute as a whole, as well as the overall statutory scheme. (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)

A recent decision by this court, *Buycks*, *supra*, 5 Cal.5th 857, addressed issues similar to the one presented in this case. In *Buycks*, we considered the validity of three sentence enhancements or criminal convictions after the defendants to whom they pertained had secured the reduction of related felony convictions to misdemeanors through the Proposition 47 petition process. One defendant, Buycks, sought (in connection with a Proposition 47 resentencing) the dismissal of an "on-bail" enhancement imposed under section 12022.1, subdivision (b), which provides in relevant part that "[a]ny person arrested for a secondary [felony] offense that was alleged to have been committed while that person was released from custody on a primary [felony] offense shall be subject to a penalty enhancement . . . ." (*Buycks*, at pp. 872-873.) A second defendant in *Buycks*, Laura Valenzuela, pursued similar relief on direct appeal for a one-year term enhancement imposed under section 667.5, subdivision (b), applicable "for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when the sentence is not suspended for any felony." (*Buycks*, at pp. 873-874.) This enhancement, which derived from an earlier conviction for receiving stolen property (§ 496), was imposed in a case in which Valenzuela had been convicted of several other felonies, including one (a violation of Health & Saf. Code § 11377) that was among the narcotics crimes reclassified as misdemeanors by Proposition 47, and which Valenzuela had successfully petitioned to have reclassified as a misdemeanor. (*Buycks*, at pp. 873-874.) The third defendant, Guiomar, had failed to

appear in court on a felony charge of possessing a controlled substance (Health & Saf. Code, § 11350), leading to another criminal charge. (*Buycks*, at pp. 874-875.) The statute under which Guiomar was charged with failing to appear provides, "Every person who is charged with or convicted of the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony." (Pen. Code, § 1320.5.) Guiomar later had his felony drug conviction reduced to a misdemeanor through the Proposition 47 petition process, and on that basis sought to have his conviction for failing to appear set aside. (*Buycks*, at p. 875.)

In *Buycks*, *supra*, 5 Cal.5th at page 883, we concluded that Proposition 47's directive that a resentenced or redesignated offense "shall be considered a misdemeanor for all purposes" (§ 1170.18, subd. (k)) applied both prospectively and in cases in which the judgment was not yet final at the time the initiative was approved by the electorate. The latter determination involved application of the limited retroactivity rule we articulated in *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*). (*Buycks*, at p. 883.) Through application of this rule, a defendant who successfully invokes the Proposition 47 resentencing process may secure the dismissal or other appropriate treatment of an enhancement or crime subsumed within a judgment that was not yet final on November 5, 2014 (the effective date of Prop. 47), when that allegation is premised on the existence of a felony conviction that has been reduced to a misdemeanor. (See *Buycks*, at pp. 889-891.)

We also determined in *Buycks*, *supra*, 5 Cal.5th 857, that the "full resentencing rule" (*id*., at p. 893) applies to defendants who qualify for resentencing under the initiative (*id*., at pp. 893-

895). As more commonly applied, the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant. (*Id.*, at p. 893; *People v. Navarro* (2007) 40 Cal.4th 668, 681 [noting that the rule allows the trial court to "exercise its sentencing discretion in light of . . . changed circumstances"].) For example, when a felony conviction supplying a principal sentence term is reversed on appeal and the case returns to the trial court for resentencing, that court must select another conviction, if it exists, to supply the new principal term. (See *People v. Roach* (2014) 247 Cal.App.4th 178, 184-187.) A court conducting a full resentencing also may, as appropriate, revisit sentencing choices such as a decision to stay a sentence (see *People v. Calderon* (1993) 20 Cal.App.4th 82, 87-88), to impose an upper term instead of a middle term (see *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1256-1259), or to impose concurrent instead of consecutive sentences (see *People v. Cortez* (2016) 3 Cal.App.5th 308, 311-317).

In *Buycks*, *supra*, 5 Cal.5th 857, we determined that in a Proposition 47 resentencing conducted under section 1170.18, subdivisions (a) and (b), the trial court, "when it resentences on the eligible felony conviction, must also resentence the defendant generally and *must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction*." (*Buycks*, at p. 894, italics added; cf. *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1419-1420, disapproved on another ground in *People v. Farwell* (2018) 5 Cal.5th 295, 304, fn. 6.) In other words, in a Proposition 47 resentencing, the trial court not only must revisit its prior sentencing decisions; it also must decide whether the factual basis for an enhancement has

been abrogated by the redesignation of a felony conviction as a misdemeanor. (See *Buycks*, at pp. 893-895.)

Applying these principles, we concluded in *Buycks*, *supra*, 5 Cal.5th 857 that Buycks and Laura Valenzuela — but not Guiomar — were entitled to relief. (*Id*., at pp. 896-897.) Relevant to Buycks, whose judgment of conviction had already become final at the time Proposition 47 came into effect, we observed that imposition of the on-bail enhancement under section 12022.1, subdivision (b) requires convictions for two felonies: the felony offense for which the defendant was on bail or released on his or her own recognizance (i.e., the primary offense) as well as the felony offense committed while the defendant was free on bail or his or her own recognizance (the secondary offense). (*Buycks*, at p. 890; but cf. *In re Jovan B.* (1993) 6 Cal.4th 801, 814 [regarding the enhancement as applicable in juvenile wardship proceedings, even though juvenile adjudications are not " 'convictions' "].) Reduction of Buycks's primary felony conviction to a misdemeanor through Proposition 47 therefore negated a necessary premise for the on-bail enhancement. This development meant that in a full resentencing, no sentence associated with the allegation could properly be imposed upon him. (*Buycks*, at pp. 890-891, 893-895.)

A somewhat similar analysis applied to Laura Valenzuela in *Buycks*, *supra*, 5 Cal.5th 857. We observed there that although the enhancement under section 667.5, subdivision (b) does not expressly demand a felony conviction, its terms imply that such a conviction is necessary for the enhancement to attach. (*Buycks*, at p. 889.) Therefore, we determined that "the resentencing of [Valenzuela's] prior underlying felony conviction to a misdemeanor conviction negates an element required to

support [the] section 667.5 one-year enhancement." (*Ibid.*) Unlike the judgment affecting Buycks, the judgment involving Valenzuela's narcotics offense and related enhancement was not yet final when Proposition 47 came into effect. (*Buycks*, at pp. 893-894.) This difference in timing meant that the limited retroactivity principle of *Estrada*, *supra*, 63 Cal.2d 740 inured to Valenzuela's benefit; she did not have to rely exclusively on the full resentencing rule in pursuing relief. (*Buycks*, at pp. 894-895, 896.)

We concluded that the third defendant, Guiomar, was not entitled to dismissal of his conviction for failing to appear. (*Buycks*, *supra*, 5 Cal.5th at pp. 891-892, 896-897.) Although Guiomar had successfully petitioned for reduction of his drug-offense conviction to a misdemeanor, this did not alter the fact that he had failed to appear on a felony charge. (*Id.*, at p. 892.) We emphasized that liability under section 1320.5 does not depend on the defendant having been convicted on the charge for which he or she had failed to appear. To the contrary, "the primary purpose of section 1320.5 is to deter the act of jumping bail and [the statute] requires punishment 'whether or not the defendant ultimately is convicted of the charge for which he or she was out on bail when failing to appear in court as ordered.' " (*Buycks*, at p. 891, quoting *People v. Walker* (2002) 29 Cal.4th 577, 583.) Hence, reduction of Guiomar's felony narcotics conviction to a misdemeanor through Proposition 47 resentencing did not remove any element of the failure to appear conviction that he sought to have dismissed.[4]

---

[4]     A broad analogy might be drawn to a defendant who escapes while incarcerated for a crime later found to be

## B. Defendant Is Entitled To Dismissal of His Street Terrorism Conviction in a Full Resentencing

There is no dispute that, in accordance with section 1170.18, subdivision (a), the resentencing court appropriately reclassified defendant's grand theft conviction (§ 487, subd. (c)) as misdemeanor petty theft. Nor is there any question that defendant was entitled to be resentenced consistently with that redesignation. The issue before us is whether, in light of this adjustment, defendant's conviction for street terrorism can still stand. We conclude that it cannot.

As previously described, an essential element of the street terrorism offense is that the defendant must have "promote[d], further[ed], or assist[ed] in any felonious criminal conduct" by gang members. (§ 186.22, subd. (a).) This element "requir[es] the promotion or furtherance of *specific conduct* of gang members" (*Rodriguez, supra,* 55 Cal.4th at p. 1137 (lead opn. of Corrigan, J.)), and the conduct involved must constitute a felony — as opposed to a misdemeanor, or no crime at all (*Lamas, supra,* 42 Cal.4th at p. 524). Consistent with these interpretations of the statute, the jury instruction for the street terrorism offense requires the finder of fact to determine, as an element of the crime, that a specific felony was in fact committed by gang members. (CALCRIM No. 1400.)

In this case, there is no dispute that the theft of Ramirez's $200 bicycle — the same conduct that gave rise to defendant's conviction for grand theft — constituted the felonious criminal

---

unconstitutional. We made clear in *Estrada, supra,* 63 Cal.2d 740 that the subsequent invalidation of the underlying offense would not bar such a defendant from being convicted for escape. (*Id.,* at p. 750.)

conduct involved with his conviction for street terrorism. In light of defendant's Proposition 47 resentencing, that theft can no longer be regarded as felonious. (§§ 490.2, 1170.18, subd. (b).) The People do not explain how defendant's underlying conduct could be regarded as felonious under a different theory, at least in a way not already rejected by the jury (which declined to convict defendant of robbery). The reduction of defendant's felony grand theft conviction to a misdemeanor therefore established the absence of an essential element of the street terrorism crime. (See *Buycks*, *supra*, 5 Cal.5th at pp. 889-890.) It follows that the street terrorism charge should have been dismissed at defendant's full resentencing. (See *id.*, at pp. 888 [determining that, except for firearm possession offenses expressly excluded under § 1170.18, subd. (k), Prop. 47's "mandate to reduce penalties for a distinct class of narcotics and larceny-related offenses otherwise fully extends to enhancements and subsequent offenses alleged with those offenses"], 894-895.)

The People contend that even if defendant's conviction for grand theft became a "misdemeanor for all purposes" upon reclassification and resentencing (§ 1170.18, subd. (k)), this adjustment has no effect on his conviction for street terrorism. The People stress that a conviction for street terrorism requires "felonious criminal conduct" (§ 186.22, subd. (a)), not necessarily a conviction for the underlying felony.[5] We do not disagree with

---

[5] Thus, for example, a gang member who promotes, furthers, or assists a felony committed by *other* gang members might be convicted of street terrorism without also being charged with, let alone convicted of, the offense he or she facilitated. In such a case, however, the finder of fact still must

the latter point, but do not regard it as decisive here. Given the facts of this case, the reduction of defendant's theft conviction to a misdemeanor establishes that he cannot be regarded as having engaged in *felonious* criminal conduct. This essential element not being present, defendant cannot properly be resentenced for the street terrorism offense.

The People further contend that the reduction of defendant's grand theft conviction to misdemeanor petty theft does not alter the fact that he committed felonious criminal conduct as it was denominated in 2013. They take the position that the classification of defendant's conduct at *that* time controls. But neither the gravamen of the street terrorism crime nor any indicia of legislative intent associated with it convey that the felonious nature of the criminal conduct necessary for commission of this offense is fixed for all time when the crime takes place. It is more reasonable, in light of the limited retroactivity rule of *Estrada, supra,* 63 Cal.2d 740, which presumes that ameliorative changes in the criminal laws were intended to be applied to cases with nonfinal judgments, to conclude that the felonious character of this conduct is susceptible to reassessment as may be appropriate in light of pertinent developments affecting the criminal codes, so long as the judgment is nonfinal or validly reopened.

In this respect, the felonious character of the criminal conduct involved with street terrorism is little different from the erstwhile felonious nature of the prior convictions involved with the enhancements we addressed in *Buycks, supra,* 5 Cal.5th 857. There, we emphasized that we were required to reassess the

determine that the defendant promoted, furthered, or assisted the commission of a specific felony.

continued applicability of these enhancements *at the time of resentencing.* (*Id.,* at p. 894.) Similarly here, the reclassification of defendant's conviction for grand theft as misdemeanor petty theft pursuant to the Proposition 47 petition process imparts that an essential element to defendant's conviction for street terrorism is now absent. Defendant is therefore no longer susceptible to being resentenced for the street terrorism offense.

Lastly, the People liken the facts of this case to those associated with defendant Guiomar in *Buycks*, *supra*, 5 Cal.5th 857, to whom we denied relief. But section 1320.5, the "failure to appear" statute under which Guiomar was convicted, is materially different from the street terrorism crime involved here. A felonious failure to appear — involving a willful evasion of the court's process in what had been denominated, if not yet proved to be, a felony matter — is not, as a matter of logic or gravity, affected by the reduction of a subsequent felony conviction in the matter in which defendant absented himself or herself. Critically, reclassification of a felony conviction associated with a crime for which a defendant failed to appear does *not* function to negate an essential element of section 1320.5 offense. (See *Buycks*, at p. 891.) In this case, as previously described, the reduction of defendant's grand theft conviction to misdemeanor petty theft establishes the absence of an essential element of defendant's conviction for street terrorism, to wit, that defendant promoted, furthered, or assisted specific felonious criminal conduct.

## III. DISPOSITION

Given the circumstances before us, defendant cannot properly be resentenced for the street terrorism offense. Instead, this conviction must be dismissed in his Proposition 47

resentencing.[6]  The judgment of the Court of Appeal is reversed. We remand this matter for further proceedings consistent with our opinion.

**CANTIL-SAKAUYE, C. J.**


**We Concur:**

**CHIN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**GROBAN, J.**

---

**6**     Our determination that defendant is entitled to a full resentencing at which the reduction of his grand theft conviction to misdemeanor petty theft will lead to the dismissal of his street terrorism conviction should not be read to imply a separate, negative holding: that a different defendant, convicted *only* of street terrorism before Proposition 47 came into effect, cannot obtain relief under the initiative even though the criminal conduct he or she promoted, furthered, or assisted is no longer felonious.  We have no occasion here to address those circumstances, and leave for another day what remedies, if any, are available to a defendant in that position.

PEOPLE v. VALENZUELA

S239122

Dissenting Opinion by Justice Corrigan

I respectfully dissent. In enacting Proposition 47, the electorate expressed its intent to reduce punishment for nonserious theft and drug offenses. Defendant's crime of participating in a criminal street gang under Penal Code[1] section 186.22, subdivision (a) does not constitute a nonserious theft offense falling within the ambit of that provision.

"Enacted in 2014, Proposition 47, known as the Safe Neighborhoods and Schools Act . . . , 'reduc[ed] penalties for certain theft and drug offenses by amending existing statutes.' [Citation.] 'One of Proposition 47's primary purposes is to reduce the number of nonviolent offenders in state prisons, thereby saving money and focusing prison on offenders considered more serious under the terms of the initiative.' " (*People v. Adelmann* (2018) 4 Cal.5th 1071, 1075.) The Voter Information Guide explained that Proposition 47 "reduces penalties for certain offenders convicted of *nonserious and nonviolent property and drug crimes*. The measure also allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.)

---

[1] Subsequent statutory references are to the Penal Code unless otherwise noted.

The resentencing statute, section 1170.18, subdivision (a), provides: "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Defendant's offense, street terrorism under section 186.22, subdivision (a), is *not* listed in section 1170.18, subdivision (a). Nevertheless, he argues he is entitled to resentencing "in accordance with" section 490.2, which defines as misdemeanor petty theft "obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) . . . ." (§ 490.2, subd. (a).) The majority agrees: "In this case, there is no dispute that the theft of Ramirez's $200 bicycle — the same conduct that gave rise to defendant's conviction for grand theft — constituted the felonious criminal conduct involved with his conviction for street terrorism. In light of defendant's Proposition 47 resentencing, that theft can no longer be regarded as felonious. (§§ 490.2, 1170.18, subd. (b).)" (Maj. opn., *ante*, at pp. 14-15.)

Although we have reasoned that offenses not listed in section 1170.18 may be resentenced in accordance with section 490.2, we have been careful to note that such offenses are, in fact, theft offenses. For example, *People v. Page* (2017) 3 Cal.5th 1175 concluded a defendant convicted under Vehicle Code section 10851, subdivision (a), which criminalizes the unlawful

taking or driving of a vehicle, would be entitled to Proposition 47 resentencing if his conviction was based upon vehicle theft. "[W]hile Vehicle Code section 10851 does not expressly designate the offense as theft, the conduct it criminalizes includes theft of a vehicle . . . . And to the extent vehicle theft is punished as a felony under section 10851, it is, in effect, a form of grand, rather than petty, theft." (*Page*, at p. 1186.) Thus, "obtaining an automobile worth $950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor, regardless of the statutory section under which the theft was charged." (*Id*. at p. 1187.) Similarly, *People v. Romanowski* (2017) 2 Cal.5th 903 concluded that theft of access card information (Pen. Code, § 484e, subd. (d)) was subject to resentencing under Proposition 47 because it was a form of theft: "[W]e must presume that voters were at least aware that the Penal Code sets out 'grand theft' crimes that included theft of access card account information. (§ 484e.) The text and structure of Proposition 47 convey that section 490.2's clear purpose was to reduce punishment for crimes of 'obtaining any property by theft' that were previously punished as 'grand theft' when the stolen property was worth less than $950. And section 484e confirms that theft of access card information is one of those crimes." (*Romanowski*, at p. 909.)

The majority here equates street terrorism with a nonserious theft offense subject to section 490.2. Section 186.22, subdivision (a) applies to "[a]ny person who actively participates in any criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang . . . ." First, the Penal Code specifically lists a violation of section 186.22 as

a serious felony. (§ 1192.7, subd. (c)(28).) Proposition 47 was represented to the voters as applying only to "nonserious and nonviolent property and drug crimes." (Voter Information Guide, Gen. Elec., *supra,* analysis of Prop. 47 by Legis. Analyst, p. 35.) Applying its ameliorative provisions to a serious felony would seem contrary to the electorate's intent.

Second, a violation of section 186.22, subdivision (a) is not a theft offense. "The gravamen of the substantive offense set forth in section 186.22[, subdivision] (a) is active participation in a criminal street gang." (*People v. Albillar* (2010) 51 Cal.4th 47, 55.) Section 186.22, subdivision (a) "reflects the Legislature's carefully structured endeavor to punish active participants for commission of criminal acts done *collectively* with gang members." (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1139 (lead opn. of Corrigan, J.) (*Rodriguez*).) Thus, unlike vehicle theft in *Page* or theft of access card information in *Romanowski,* street terrorism encompasses concerted criminal conduct beyond mere theft, even if theft is part of the underlying conduct.

On this point, two Court of Appeal cases are instructive. *People v. Martin* (2018) 26 Cal.App.5th 825 (*Martin*) concluded that conspiracy (§ 182, subd. (a)(1)) to commit petty theft was not subject to Proposition 47 resentencing. *Martin* noted that "[t]he courts have long recognized the enhanced dangers of a conspiracy" (*Martin,* at p. 836), and reasoned the defendant's offense went beyond a mere theft: "The conspiracy in which respondent was involved was not an ordinary shoplifting scheme; it involved criminal teamwork." (*Id.* at p. 839.) The defendant conspired to "commit as many petty thefts as she could get away with" and sell the stolen property overseas. (*Id.* at p. 828.) *Martin* observed, "The potential harm to the public

from such a conspiracy was far greater than the harm posed by ordinary shoplifting." (*Id*. at p. 839.)  Accordingly, the Court of Appeal reversed her resentencing under Proposition 47.  (See also *People v. Segura* (2015) 239 Cal.App.4th 1282, 1284.)

Similarly, *People v. Soto* (2018) 23 Cal.App.5th 813 concluded Proposition 47 did not ameliorate a felony conviction for theft from an elder (§ 368, subd. (d)).  *Soto* observed that neither *Page* nor *Romanowski* "had occasion to consider Proposition 47 eligibility for what we will call a pure 'theft-plus' offense, i.e., one that is not identified as grand theft and requires *additional necessary elements* beyond the theft itself.  Nothing in *Romanowski* or *Page* suggests that section 490.2 extends to any course of conduct that happens to include obtaining property by theft worth less than $950." (*Soto*, at p. 822.)  *Soto* reasoned a contrary conclusion would lead to absurd results, noting that theft was an included offense of robbery (§ 211), a violent felony (§ 667.5, subd. (c)(9)), and "[a] robber might take property by larceny worth less than $950" (*Soto*, at p. 822).  "An overexpansive reading of *Romanowski* and *Page* might construe that 'theft-plus' offense as petty theft under section 490.2.  Such a construction would thwart Proposition 47's objective to reduce sentences for *nonviolent* crimes while shifting spending toward *more serious* offenses." (*Id*. at pp. 822-823.)  *Soto* concluded: "Soto was charged with an aggravated form of theft—theft from an elder victim.  We see no way to interpret section 490.2 to cover Soto's conviction without converting every 'theft-plus' offense involving less than $950 into petty theft." (*Id*. at p. 824, fn. omitted.)

The reasoning of *Martin* and *Soto* applies here.  Defendant's street terrorism offense went beyond the mere commission of theft.  The jury necessarily found that defendant

acted with a fellow gang member and committed their offense to promote their gang. Just as a conspiracy to commit theft poses a danger to society beyond the underlying theft, defendant's active gang participation likewise posed a danger to society beyond the underlying theft. As *Soto* reasoned, nothing in Proposition 47 suggested an electoral intent to reduce to a misdemeanor any and all felonies that may include some aspect of theft.

In passing the California Street Terrorism Enforcement and Prevention Act (§ 186.20 et seq.), the Legislature declared "that the State of California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods. These activities, both individually and collectively, present a clear and present danger to public order and safety and are not constitutionally protected." (§ 186.21.) The majority's treatment of defendant's street terrorism offense as nothing but a form of theft is at odds with the important purposes behind both section 186.22, "enacted in 1988 to combat a dramatic increase in gang-related crimes and violence" (*People v. Prunty* (2015) 62 Cal.4th 59, 67), and with Proposition 47, which was enacted to grant relief to those convicted of nonserious theft and drug offenses.

The majority's reliance on the so-called " 'full resentencing rule' " of *People v. Buycks* (2018) 5 Cal.5th 857 (*Buycks*) is misplaced. (*Id*. at p. 893.) As articulated in *In re Estrada* (1965) 63 Cal.2d 740, unless otherwise indicated, an " 'amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date.' " (*People v. DeHoyos* (2018) 4 Cal.5th 594, 600; see *In re Estrada*, at p. 744.) We applied this rule in *Buycks* to

two enhancements for having served a prior prison term (§ 667.5, subd. (b)) and committing an offense while released on bail or his own recognizance (§ 12022.1), both of which required underlying felony convictions. (See *Buycks*, at pp. 889-891.) *Buycks* reasoned that, once those underlying felony convictions were resentenced to misdemeanors under Proposition 47, section 1170.18, subdivision (k), which states that "[a] felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered a misdemeanor for all purposes," applied: "Therefore, at the time of resentencing of a Proposition 47 eligible felony conviction, the trial court must reevaluate the applicability of any enhancement within the same judgment *at that time*, so long as that enhancement was predicated on a felony conviction now reduced to a misdemeanor. Such an enhancement cannot be imposed because at that point the reduced conviction 'shall be considered a misdemeanor for all purposes.' (§ 1170.18, subd. (k).)" (*Buycks*, at pp. 894-895.)

It is unclear from the majority opinion what *specific* statutory amendment is being given retroactive effect within the meaning of *Estrada* and *Buycks* under the full resentencing rule. The majority states, "The reduction of defendant's felony grand theft conviction to a misdemeanor therefore established the absence of an essential element of the street terrorism crime" (maj opn., *ante*, at p. 15), suggesting it is applying section 1170.18, subdivision (k). Indeed, the majority cites *Buycks*'s application of that provision. (Maj. opn., *ante*, at p. 15; see also *ibid*. ["In light of defendant's Proposition 47 resentencing, that theft can no longer be regarded as felonious"].) However, the enhancements in *Buycks required* underlying felony convictions in order to be imposed, and the Proposition 47 reduction of those felonies to misdemeanors took away a necessary component of

7

the enhancements. (*Buycks, supra,* 5 Cal.5th at pp. 888-891.) By contrast, as the majority acknowledges, a street terrorism conviction under section 186.22, subdivision (a) does not require a conviction of any other felony offense. (See maj. opn., *ante*, at pp. 15-16, fn. 5.) As such, the fact that a felony conviction *unnecessary* to the street terrorism conviction was reduced to a misdemeanor should have no bearing on the continued validity of defendant's section 186.22, subdivision (a) conviction. *Buycks* is thus distinguishable.

The majority's application of the full resentencing rule here essentially sanctions an end run around the Proposition 47 resentencing scheme. As described *ante*, defendant cannot establish entitlement to relief under the resentencing procedure of section 1170.18, subdivision (a). *Buycks* recognized alternative procedures for relief "because Proposition 47 does not provide a specific mechanism for recalling and resentencing a judgment solely because a felony-based enhancement has been collaterally affected by the reduction of a conviction to a misdemeanor in a separate judgment . . . ." (*Buycks, supra,* 5 Cal.5th at p. 892.) It is one thing to recognize such a procedure in *Buycks*, where reduction of a felony to a misdemeanor under Proposition 47 eliminated the felony convictions required for the enhancements there, thus implementing the electoral intent manifested in section 1170.18, subdivision (k). It is quite another to apply such a procedure here. The majority contemplates the trial court will *strike entirely* the street terrorism conviction, even though that offense was nowhere mentioned in Proposition 47 and section 186.22 was not amended by the act, due to the happenstance that defendant was also concurrently convicted of grand theft, a conviction *not* required for a street terrorism conviction, and *that* theft

conviction was later reduced to a misdemeanor. Indeed, the only difference between this case and *Martin* is that Martin did not have the good fortune to be convicted of theft in addition to conspiracy to commit theft.[2] Nothing in the language of Proposition 47 suggests the electorate contemplated such a random and haphazard scheme.

We are, of course, bound by the voters' lawful enactments, and properly so. But we are bound to enforce those enactments in accordance with the voters' lawful intent. As Justice Yegan observed in *Martin*, "The fabric of the law will stretch only so far before it will unravel." (*Martin, supra,* 26 Cal.App.5th at p. 828.) To conclude that, in providing more lenient treatment for those convicted of nonviolent theft offenses, the voters intended to reduce culpability for those guilty of the separate, serious felony of street terrorism stretches credulity, and the fabric of the law, too far. I would affirm the Court of Appeal's judgment affirming the trial court's denial of resentencing under Proposition 47.

**CORRIGAN, J.**

---

[2] Martin was convicted of shoplifting (§ 459.5) for an incident unrelated to the charged conspiracy. (See *Martin, supra,* 26 Cal.App.5th at p. 829.)

PEOPLE v. VALENZUELA

S239122


Dissenting Opinion by Justice Kruger


In 2013, in an apparent gang-related incident, defendant Luis Donicio Valenzuela took a bicycle worth around $200 dollars from another young man.  He was convicted of two felonies:  grand theft from the person (Pen. Code, § 487, subd. (c)) and active participation in a street gang (*id.*, § 186.22, subd. (a)).  The latter offense applies to a person who actively participates in a criminal street gang with knowledge of the gang's pattern of criminal activity, and who "willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang."  (*Ibid.*)

In 2014, while these convictions were on appeal, voters passed Proposition 47, which reclassified many drug possession and theft offense felonies as misdemeanors.  Among the measure's new provisions was Penal Code section 490.2, which generally reduced felony punishment for theft of property worth $950 or less to the misdemeanor level.  (*Id.*, subd. (a).)  Invoking this provision, defendant successfully petitioned the superior court to reduce his grand theft conviction to a misdemeanor. (Pen. Code, § 1170.18, subds. (a), (b), as added by Prop. 47, § 14, approved by voters, Gen. Elec. (Nov. 4, 2014).)  He now argues that the superior court should also have dismissed his felony gang participation conviction altogether.  He reasons that once the grand theft conviction was reduced to a misdemeanor, grand theft could no longer be used to satisfy the "felonious criminal

1

conduct" element of the gang participation crime under Penal Code section 186.22, subdivision (a).

The Court of Appeal rejected this argument. It explained that because liability under Penal Code section 186.22, subdivision (a) does not depend on having sustained any underlying felony conviction, the fact that defendant's grand theft conviction was later reduced to a misdemeanor had no bearing on the continued validity of defendant's gang participation conviction. (*People v. Valenzuela* (2016) 5 Cal.App.5th 449, 452–453, review granted Mar. 1, 2017, S239122.)

The majority now reverses, reasoning that the resentencing court's reduction of defendant's theft conviction to a misdemeanor "established the absence of an essential element of the street terrorism offense—*felonious* criminal conduct." (Maj. opn., *ante*, at p. 2.) "In light of defendant's Proposition 47 resentencing," defendant's theft of the bicycle "can no longer be regarded as felonious" (maj. opn., *ante*, at p. 15); put another way, "the reduction of defendant's theft conviction to a misdemeanor establishes that he cannot be regarded as having engaged in *felonious* criminal conduct" (*id.* at p. 16) as required for a conviction under Penal Code section 186.22, subdivision (a).

Much as I sympathize with the majority's efforts to give appropriate effect to Proposition 47's ameliorative purposes, I cannot join in this reasoning. As the Court of Appeal rightly noted, the argument conflates the grand theft *conviction* with the *conduct* underlying it. Defendant's gang participation conviction did not depend on the existence of a separate conviction for grand theft (or any other felony, for that matter);

it depended only on his having committed or assisted in felonious conduct to promote the activities of a criminal street gang. It follows that the reduction of defendant's grand theft conviction does not entitle defendant to dismissal of his gang participation conviction.

This case is not like *People v. Buycks* (2018) 5 Cal.5th 857, 871. In *Buycks*, we held that reduction of a felony conviction to a misdemeanor under Proposition 47 invalidated sentence enhancements based on the prior felony conviction because under Penal Code section 1170.18, subdivision (k), the reduced conviction "shall be considered a misdemeanor for all purposes." There, the validity of each of the enhancements at issue depended on the existence of a felony conviction, not simply the commission of felonious conduct. (See *Buycks*, at pp. 888–890 [enhancement under Pen. Code, § 667.5, subd. (b)], 890–891 [enhancement under Pen. Code, § 12022.1].) In contrast, the gang participation offense defined in Penal Code section 186.22, subdivision (a), does not refer—even implicitly—to a predicate prior felony conviction. It instead applies to a gang participant who has assisted other gang members in felonious conduct. The majority opinion does not explain how the reduction of defendant's grand theft conviction to a misdemeanor could possibly have altered the nature of the *conduct* underlying the gang participation offense.

The majority opinion does gesture to a possible alternative rationale for reaching the same conclusion: that setting aside the fate of defendant's separate theft conviction, Proposition 47 itself retroactively operated on Penal Code section 186.22, subdivision (a), to preclude reliance on conduct involving theft of property worth less than $950. Although the majority opinion does not clearly say so, this is an entirely different argument for

granting relief. It does not depend in any way on the reclassification of defendant's grand theft conviction; it depends, rather, on our usual presumption that legislation lessening punishment is intended to apply retroactively to all cases that have not yet become final on appeal. (*In re Estrada* (1965) 63 Cal.2d 740, 745.) The majority touches on this argument when it reasons that because defendant's gang participation conviction was not yet final when Proposition 47 took effect, "the limited retroactivity rule of *Estrada*, *supra*, 63 Cal.2d 740, which presumes that ameliorative changes in the criminal laws were intended to be applied to cases with nonfinal judgments," makes the underlying conduct "susceptible to reassessment" under the measure's new provisions. (Maj. opn., *ante*, at p. 16.)

There are, however, several difficulties with relying on this argument here, beginning with the fact it has not been properly presented to us. Defendant never made the *Estrada* argument in the Court of Appeal, and that court did not address it. Nor did defendant rely on *Estrada* in his briefing in this court. Even when we specifically asked the parties to brief that decision's significance, defendant affirmatively disclaimed reliance on this theory, conceding that he was not entitled to retroactive relief under *Estrada*. Counsel partly withdrew that concession in a letter submitted to the court before oral argument, but he still did not invoke *Estrada* as a standalone basis for relief; his arguments have instead relied on some amalgam of *Estrada* and his original, and incorrect, theory that

the reduction of his grand theft conviction necessarily implies the invalidity of his gang participation conviction.[1]

As a consequence, neither the parties nor the courts have ever grappled with the implications of adopting a rule that would regard Proposition 47 as retroactively invalidating convictions for offenses that, like Penal Code section 186.22, subdivision (a), depend in some way on a showing that the defendant committed conduct punishable as a felony. The first, threshold question is whether this theory can be squared with *People v. DeHoyos* (2018) 4 Cal.5th 594, 600–603, in which we held that defendants who were serving felony sentences on Proposition 47's effective date—and who therefore could seek resentencing under Penal Code section 1170.18—could not instead claim the direct benefit of retroactive amelioration under *Estrada*.

Even if we were to answer that question in the affirmative, we would then have to confront an arguably anomalous consequence of the theory. Proposition 47 was designed to reduce certain felonies to misdemeanors. But retroactive application of Proposition 47 in this context could instead result in a defendant being relieved of *all* criminal liability for his or

---

[1] Defendant did brief and argue an alternative theory for relief independent of Penal Code section 1170.18, subdivision (k): that defendant was entitled to resentencing under subdivision (a) of the statute. But that theory relied not on *Estrada* but on *People v. Page* (2017) 3 Cal.5th 1175 and *People v. Romanowski* (2017) 2 Cal.5th 903. The theory fails for reasons given in Justice Corrigan's dissent: Unlike the crimes involved in *Page* and *Romanowski*, the gang participation offense in Penal Code section 186.22, subdivision (a), neither is a grand theft offense nor has grand theft as one of its statutory variants.

her formerly felonious conduct. In this case, of course, defendant was convicted of grand theft as well as gang participation, and that theft conviction has now been reduced to a misdemeanor. Dismissing or vacating defendant's gang participation conviction, as this court's disposition directs, will leave him with a misdemeanor conviction for his theft, just as a person who committed the same conduct after Proposition 47 would face prosecution for misdemeanor theft. But a defendant who, by contrast, had been charged with and convicted only of gang participation under Penal Code section 186.22, subdivision (a), would, under the *Estrada* theory, be retroactively relieved of all liability. This is a result that the voters who approved Proposition 47 did not likely anticipate.

Whether that consequence is one that should preclude retroactive relief is a significant question. But it is a question that is not properly before us, and it is therefore not one we can or should answer here.

On the only question properly presented to us, I think the Court of Appeal got it right: The reduction of defendant's grand theft conviction to a misdemeanor did not retroactively invalidate defendant's separate conviction for gang participation. In the absence of briefing and argument to support any other viable theory of relief, I would affirm the judgment of the Court of Appeal.

**KRUGER, J.**

**I Concur:**

**CORRIGAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Valenzuela

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 5 Cal.App.5th 449
**Rehearing Granted**

_____

**Opinion No.** S239122
**Date Filed:** June 3, 2019

_____

**Court:** Superior
**County:** Ventura
**Judge:** Nancy L. Ayers

_____

**Counsel:**

Stephen P. Lipson and Todd W. Howeth, Public Defenders, Michael C. McMahon, Chief Deputy Public Defender, and William Quest, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen, Louis W. Karlin, Susan Sullivan Pithey, Mary Sanchez and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

William Quest
Deputy Public Defender
Hall of Justice
800 South Victoria Avenue, Room 207
Ventura, CA  93009
(805) 654-3032

Wyatt E. Bloomfield
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA  90013
(213) 269-6145